## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

REGINALD EVANS,           )
                          )
           Plaintiff,     )
                          )
      v.                  )          No. 1:13CV158 SNLJ
                          )
DWAYNE KEMPKER, et al.,    )
                          )
           Defendants.    )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Reginald Evans (registration no. 352451), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $28.27. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $141.37, and an average monthly balance of less than $141.37. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $28.27, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 328 (1989); <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. <u>Spencer v. Rhodes</u>, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), <u>aff'd</u> 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).

### The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged deprivations of his right to due process.  Named as defendants are Timothy Holston (correctional officer), William Stange (assistant warden), and Dwayne Kempker (deputy director).

Plaintiff alleges that he was given a conduct violation for failing to stand by his cell door and being disruptive.  Plaintiff believes that his due process rights were violated because the grievance was false.  Plaintiff says defendants denied his grievances.

"Only persons who cause or participate in the [constitutional] violations are responsible.  Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." <u>George v. Smith</u>, 507 F. 3d 605, 609 (7th Cir. 2007)

(citations omitted). As a result, the complaint fails to state a claim upon which relief can be granted.

An inmate who makes a due process challenge to a grievance procedure must make a threshold showing that the deprivation of which he complains imposed an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Plaintiff's allegations do not indicate that he suffered the type of atypical and significant hardship that might conceivably give rise to a liberty interest. Id. at 485-86 (no atypical and significant hardship where inmate spent 30 days in solitary confinement): Hemphill v. Delo, 124 F.3d 208 (8th Cir. 1997) (unpublished) (same; 30 days in disciplinary segregation, and approximately 290 days in administrative segregation); Wycoff v. Nichols, 94 F.3d 1187, 1190 (8th Cir. 1996) (same; 10 days disciplinary detention and 100 days in maximum security cell). As a result, the complaint is legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $28.27 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include

-4-

upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this <u>7th</u> day of November, 2013.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE